IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM L. HARRIS, III AND ADRIANE L. HARRIS, <br><br> Plaintiffs, <br><br> v. <br><br> SUNTRUST MORTGAGE, INC.; SUNTRUST BANKS, INC.; SUNTRUST BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; APRIL E. STEPHENSON, P.A.; LEE COUNTY CLERK OF SUPERIOR COURT SUSIE K. THOMAS, in her public and private capacity; LEE COUNTY ASSISTANT CLERK OF SUPERIOR COURT ROBIN D. BELL, in her public and private capacity; HILTON T. HUTCHENS, JR.; HUTCHENS, SENTER & BRITTON, P.A.; SUBSTITUTE TRUSTEE SERVICES, INC.; MANLY ANDREW LUCAS; JOHN OR JANE DOES 1-100, being substitute trustee, undisclosed mortgage wholesalers, mortgage originators, loan seller, Trustee of Pooled Assets, Trustee for holders of Certificates in Collateralized Mortgage Obligations, unknown investors, investment banker(s), et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     12-cv-378 |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court are multiple motions arising out of North Carolina foreclosure proceedings that have already been the subject of two separate state foreclosure actions and one federal lawsuit. William L. Harris, III ("Mr. Harris") and Adriane L. Harris ("Mrs. Harris") (collectively, "Plaintiffs") move for a "Preliminary Injunction and Stay of Possession Prohibiting Seizure of Plaintiffs' Property" (Doc. 47), for "Replevin in Detinent" (Doc. 48), for leave to amend their complaint (Doc. 61), and for "Issuance of Cease and Desist Order for the Replevin in Detinent" (Doc. 56). The various Defendants move either to dismiss the action or for summary judgment. (See Docs. 14, 16, 28, & 32.) For the reasons stated below, Plaintiffs' motions will be denied, and Defendants' motions to dismiss and for summary judgment will be granted.

I.    **BACKGROUND**

This action involves a December 31, 2003 loan ("Loan") made by Defendant SunTrust Mortgage, Inc. ("SunTrust Mortgage") to Plaintiffs. (Doc. 1 (Complaint ("Compl.")) at 7.)[1] The Loan was used to finance Plaintiffs' purchase of a single family residence located at 1221 Sheriff Watson Road, Sanford, North Carolina ("Property"). (Id.) In financing this purchase, Plaintiffs executed a promissory note ("Note") for $239,500,

---

[1]  Plaintiffs' complaint does not contain numbered paragraphs, so all citations to that document will be by page number.

2

which was secured by a Deed of Trust ("DOT") on the Property. (Id.) The Note and DOT both identify SunTrust Mortgage as the lender. (Id.; Doc. 15, Exs. A & B.) Defendant Mortgage Electronic Registrations Systems, Inc. ("MERS") was named the beneficiary under the DOT in its capacity as a "nominee for Lender and Lender's successors and assigns." (Doc. 15, Ex. B.) In August 2009, Plaintiffs defaulted on the Loan.

Since Plaintiffs' default, there has been extensive litigation between Plaintiffs and SunTrust Mortgage. After initial foreclosure proceedings were initiated in Lee County, North Carolina (No. 09-SP-266, Lee County Superior Court), Plaintiffs, appearing *pro se*, filed a federal action against SunTrust Mortgage, SunTrust Banks, Inc., and MERS (No. 09-cv-925, United States District Court for the Middle District of North Carolina) asking this court to permanently enjoin foreclosure, grant a "[r]ecission of the entire Mortgage and note," quiet title to the Property, and award Plaintiffs compensatory damages and attorneys' fees. (Doc. 15, Ex. C.) This court dismissed Plaintiffs' claims on the merits (id., Exs. E & F), and Plaintiffs did not appeal.

SunTrust Mortgage subsequently returned to the Lee County Superior Court and commenced another foreclosure proceeding (No. 12-SP-18, Lee County Superior Court). On March 29, 2012, Robin D. Bell ("Bell"), the Lee County Assistant Clerk of Court,

3

conducted a foreclosure hearing. Mr. Harris attended this hearing and raised multiple objections to the proceedings. (<u>See generally</u> Doc. 1 (Compl.), Ex. A-1.) Bell overruled those objections and entered an order permitting SunTrust Mortgage to proceed with a foreclosure sale of the Property. (Doc. 15, Ex. G.) In so doing, Bell found that SunTrust Mortgage was the holder of the Note, the Note evidenced a valid debt owed by Plaintiffs, the Note was in default, and that SunTrust Mortgage had the right to foreclose under a power of sale. (<u>Id.</u>) Toward the end of the proceedings, counsel for SunTrust Mortgage informed Mr. Harris that he had ten days to appeal the foreclosure order. (Doc. 1 (Compl.), Ex. A-1 at 20:8-14.) No appeal was filed.

Following entry of the foreclosure order, Mr. Harris,[2] again appearing *pro se*, filed the instant lawsuit against: (1) SunTrust Mortgage, SunTrust Banks, Inc., SunTrust Bank, and

---

[2]   Although the complaint identifies both Mr. and Mrs. Harris as Plaintiffs in this action, only Mr. Harris' signature appears on the complaint and subsequent motions. Accordingly, because Mr. Harris does not identify himself as the attorney for Mrs. Harris, SunTrust Mortgage encourages this court to dismiss any claims of Mrs. Harris for failure to comply with Federal Rule of Civil Procedure 11(a), which states that all documents before the court "must be signed by at least one attorney of record . . . — *or by a party personally if the party is unrepresented*" (emphasis added). Although the Rules of Civil Procedure apply equally to *pro se* litigants, courts have held that "a pleading filed inadvertently without any signature may be viewed as a technical defect and not a substantial violation of Rule 11." <u>Hadlock v. Baechler</u>, 136 F.R.D. 157, 159 (W.D. Ark. 1991). Therefore, in keeping with the general rule in this circuit to treat procedural errors by *pro se* litigants liberally, <u>Bauer v. C.I.R.</u>, 97 F.3d 45, 49 (4th Cir. 1996), the court will overlook Mrs. Harris' failure to sign the complaint and other motions that name her as a plaintiff.

4

MERS; (2) the closing attorney on the Loan, April E. Stephenson, P.A. ("Stephenson"); (3) Lee County Clerk of Superior Court Susie K. Thomas ("Thomas"), in her official and personal capacity, and Lee County Assistant Clerk of Superior Court Bell, in her official and personal capacity; (4) counsel for SunTrust Mortgage, Hilton T. Hutchens, Jr. ("Hutchens") and his law firm, Senter, Kellam, & Petit, P.A. f/k/a The Law Firm of Hutchens, Senter, & Britton, P.A. ("HSKP"); and (5) the company acting as substitute trustee, Substitute Trustee Services, Inc. ("STS"), and its attorney, Manly Andrew Lucas ("Lucas"). Mr. Harris now asserts the following claims: (1) deprivation of civil rights in violation of 42 U.S.C. §§ 1982, 1983, 1985, and 1986; (2) "commercial dishonor" of Defendants; (3) lack of evidence to prove title; (4) slander of title; (5) violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); (6) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"); (7) violations of the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, et seq. ("HOEPA"); (8) violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); and (9) to quiet title to real property.

## II. ANALYSIS

### A. Defendants' Motions to Dismiss

Three motions to dismiss are before the court. Each will

be addressed in turn.

## 1. Standards for Motions to Dismiss

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a plaintiff fails to plead a short and plain statement of the claim showing the pleader is entitled to relief. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). As such, "[w]hile a complaint . . . does not need detailed factual allegations," a complaint does not achieve facial plausibility unless it contains sufficient allegations supporting the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 555.

## 2. Motion to Dismiss Claims Against SunTrust Mortgage, SunTrust Banks, Inc., SunTrust Bank, and MERS

Plaintiffs' claims against SunTrust Mortgage, SunTrust Banks, Inc., SunTrust Bank, and MERS ("SunTrust Defendants") will be dismissed. First, Plaintiffs' claims to quiet title to real property and for lack of evidence to prove title must be dismissed pursuant to the Rooker-Feldman doctrine.[3] The Rooker-Feldman doctrine prohibits the federal district courts from

---

[3] The Rooker-Feldman doctrine is derived from the United States Supreme Court's decisions in D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

asserting subject matter jurisdiction for the purpose of reviewing state court decisions. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284-85 (2005). As such, a party that loses in state court is "barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06 (1994); <u>see also</u> <u>Exxon Mobil Corp.</u>, 544 U.S. at 284 (holding that, under the Rooker-Feldman doctrine, a federal court cannot assert jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The Rooker-Feldman doctrine bars this court from considering the validity of the foreclosure, as that issue was adjudicated by the Lee County Superior Court, which found that Plaintiffs were in default and SunTrust Mortgage had standing to foreclose (Doc. 15, Ex. G).[4] Plaintiffs' claims to quiet title and for lack of evidence to prove title must therefore be

---

[4] Further, Plaintiffs could have sought appellate review pursuant to N.C. Gen. Stat. § 45-21.16(d1), which entitled them to a *de novo* review by a North Carolina superior court judge. <u>See</u> <u>Watkins v. Clerk of Superior Court for Gaston Cnty.</u>, No. 3:12-cv-033-RJC, 2012 WL 5872750, at *5 (W.D.N.C. Nov. 20, 2012) ("The Rooker-Feldman doctrine is particularly relevant when there is a means of appeal provided by the state.").

dismissed as to all Defendants, as those claims ask this court to determine that the state foreclosure order is invalid or wrongly decided. (See Doc. 1 (Compl.) at 13-17 (lack of evidence to prove title claim) (asserting that there is insufficient evidence for SunTrust Mortgage to claim title); id. at 22-24 (quiet title claim) (seeking a declaration and determination that Plaintiffs are the rightful holders of title to the Property).) This result is in accord with other North Carolina federal district courts that have considered this issue in the context of challenges to state foreclosure orders. See, e.g., Pitts v. U.S. Hous. & Urban Dev., No. 5:12-CV-72-D, 2013 WL 214693, at *3 (E.D.N.C. Jan. 18, 2013) (finding that Rooker-Feldman doctrine bars consideration of claims that challenge a North Carolina clerk of court's decision in a state foreclosure action); Watkins v. Clerk of Superior Court for Gaston Cnty., No. 3:12-cv-033-RJC, 2012 WL 5872750, at *6 (W.D.N.C. Nov. 20, 2012) (same); Adolphe v. Option One Mortg. Corp., No. 3:11-cv-418-RJC, 2012 WL 5873308, at *4 (W.D.N.C. Nov. 20, 2012) (same); Poindexter v. Wells Fargo Bank, N.A., No. 3:10cv257-RJC-DLH, 2010 WL 3023895, *2 (W.D.N.C. July 29, 2010) (same).

Further, it is also worth noting that even if the Rooker-Feldman doctrine did not apply, this court is nevertheless precluded from considering any of Plaintiffs' claims that seek to challenge the validity of the state court foreclosure order.

Under North Carolina law, issues that the clerk of court decides at a foreclosure hearing as to the validity of the debt and the trustee's right to foreclose are precluded from re-litigation if not appealed to the state superior court.[5] Phil Mechanic Const. Co., Inc. v. Haywood, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985); see also Sedlack v. Braswell Servs. Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998) (noting that a court is precluded from re-litigating issues "that are identical to issues which have been actually determined and necessarily decided in prior litigation"). As such, Plaintiffs' claims that seek to challenge the sufficiency of the evidence at the foreclosure hearing and Defendants' status as to the Note cannot be considered. See Gilbert v. Res. Funding LLC, 678 F.3d 271, 280 (4th Cir. 2012) (agreeing with district court that issues the clerk of court decides at a foreclosure hearing as to the validity of the debt and the trustee's right to foreclose cannot be re-litigated); Mixon v. Wells Fargo Home Mortg., No. 3:12–cv–77–RJC–DLH, 2012 WL 1247202, at *2-3 (W.D.N.C. Apr. 13, 2010) (federal court cannot re-litigate issues underlying a North Carolina superior court's order permitting foreclosure); Merrill

---

[5] A plaintiff has two means of attacking a foreclosure order: (1) through a *de novo* appeal to the state superior court, N.C. Gen. Stat. § 45-21.16(d1); or (2) by raising legal or equitable defenses in a separate state superior court action to enjoin the foreclosure sale, id. § 45-21.34. Both options expire ten days after the foreclosure order is entered. See id. § 45-21.29A. In this case, Plaintiffs did not utilize either of these two review mechanisms, and their ten-day period for doing so has long since expired.

Lynch Bus. Fin. Servs., Inc. v. Cobb, No. 5:07-cv-129-D, 2008 WL 6155804, at *4 (E.D.N.C. Mar. 18, 2008) (federal lawsuit seeking to challenge the validity of a North Carolina foreclosure order was precluded).[6]

Plaintiffs' other federal claims fare no better. First, Plaintiffs' claims for rescission under TILA[7] and HOEPA[8] are subject to a three-year statute of limitations.[9] Beach v. Ocwen

---

[6]   Plaintiffs are precluded from re-litigating issues when they had a full and fair opportunity to litigate those issues in the previous state suit; mutuality of the parties is not required. Thurston v. United States, 810 F.2d 438, 445 (4th Cir. 1987). Accordingly, issues decided at the foreclosure hearing are precluded now even as to Plaintiffs' claims against Defendants that were not parties to the state foreclosure proceedings.

[7]   TILA and its implementing regulation, Regulation Z (12 C.F.R. §§ 226.1, et seq.), require a lender to make a series of material disclosures to a borrower. If a lender fails to make these disclosures and the loan is secured by an interest in the borrower's principal dwelling, the borrower has the right to rescind the loan transaction. 15 U.S.C. § 1635(a).

[8]   HOEPA, an amendment to TILA, requires creditors making "high-cost" or "high-rate" loans to provide additional disclosures to certain borrowers. 15 U.S.C. §§ 1631-32; 1639. HOEPA applies if a loan meets one of two high-cost loan triggers: (1) the annual percentage rate exceeds by eight percent the yield on Treasury securities of comparable maturity for first-lien loans, or above ten percent for subordinate-lien loans; or (2) the total of all the loan's points and fees exceed eight percent of the loan total or $400 (adjusted for inflation), whichever is greater. 15 U.S.C. § 1602(bb)(1), (3); 12 C.F.R. § 226.32(a)(1)(i), (ii).

[9]   Civil damages under TILA are governed by a one-year statute of limitations. 15 U.S.C. § 1640(e). In this case, the complaint makes clear that Plaintiffs are seeking rescission, not civil damages, pursuant to their TILA claim. (See Doc. 1 (Compl.) at 18 ("Plaintiffs, through this public Complaint which is intended to be construed, for purposes of this claim, as a formal Notice of Rescission, hereby elect to rescind the transaction.").) Accordingly, the three-year statute of limitations for rescission applies.

<u>Fed. Bank</u>, 523 U.S. 410, 411 (1998); <u>In re Cmty. Bank of N. Va.</u>, 418 F.3d 277, 305 (3d Cir. 2005). Here, the Loan closed in 2003 (Doc. 1 (Compl.) at 7), and so the statute of limitations expired in 2006.[10] Additionally, Plaintiffs' RESPA claim under 12 U.S.C. § 2607 (prohibiting kickbacks and unearned fees) is subject to a one-year statute of limitations pursuant to 12 U.S.C. § 2614 that runs from the date of the violation, which will not typically accrue later than the closing. <u>See</u> (Doc. 1 (Compl.) at 7 (noting that the closing in this case was in 2003)); <u>Vega v. JP Morgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1114 (E.D. Cal. 2009). Therefore, the TILA, HOEPA, and RESPA claims are clearly time-barred on the face of the complaint and will be dismissed.[11] <u>See</u> <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir. 2007) (noting that claim can be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)

---

[10] Even if the court considers Plaintiffs' 2009 federal lawsuit as notice of rescission under TILA, the three-year statute of limitations would have still expired. <u>Cf.</u> <u>Gilbert v. Res. Funding, LLC</u>, 678 F.3d 271, 277-78 (4th Cir. 2012) (noting that statute of limitations for rescission under TILA is satisfied if a plaintiff exercises, not enforces, her right to rescind within three years of the closing).

[11] Further, even if the statute of limitations were not at issue, these claims would be dismissed anyway because the complaint is "bare of any factual allegations supporting the . . . causes of actions alleged against Defendants, let alone sufficient facts to establish the essential elements of the claims." <u>Booker v. Wash. Mut. Bank, FA</u>, 375 F. Supp. 2d 439, 441 (M.D.N.C. 2005). For example, the complaint fails to allege facts making plausible that the required disclosures under TILA and HOEPA were not made because it only references "improper disclosures" without additional specificity. Additionally, a claim under RESPA requires the identification of unlawful payment of referral fees, kickbacks, and other unearned fees, but the complaint fails to allege what, if any, actual charges are at issue.

based on the statute of limitations if all necessary facts to decide this issue appear clearly on the face of the complaint).

Next, Plaintiffs' claim for slander of title also fails. A slander of title is ultimately a defamatory attack upon property and requires that a plaintiff show a falsity, malicious publication, and some pecuniary loss. Selby v. Taylor, 57 N.C. App. 119, 121, 290 S.E.2d 767, 769 (1982). In this case, Plaintiffs' only allegation is that Defendants "made a false and malicious written or spoken public statement disparaging Plaintiffs' title to their residential property that causes harm." (Doc. 1 (Compl.) at 17.) This is a mere recitation of the elements of the cause of action, and therefore will be dismissed. Twombly, 550 U.S. at 555 (holding that plaintiff's pleading obligation "requires more than . . . a formulaic recitation of the elements of a cause of action").[12]

Plaintiffs' claim for "commercial dishonor" of Defendants will also be dismissed. According to Plaintiffs' complaint, this claim is based on Plaintiffs' "Notice of International Commercial Claim in Admiralty Administrative Remedy," which states that "Declarants have exhausted their Administrative

---

[12] Moreover, the only conceivable basis for this claim relates to the foreclosure, which Plaintiffs, as discussed above, cannot collaterally attack. See Selby, 57 N.C. App. at 121, 290 S.E.2d at 769 ("If the alleged infirmity of the title exists, the action will not lie, however malicious the intent to injure may have been, because no one can be punished in damages for speaking the truth." (quoting Cardon v. McConnell, 120 N.C. 461 (1897)).

Remedies and the respondents are 'ESTOPPED' from ever controverting and arguing 'within the Admiralty' in any subsequent Administrative or Judicial process." (Doc. 1 (Compl.) at 12-13, Ex. A-2). This fails to state a cause of action rooted in either federal or state law. Additionally, to the extent that Plaintiffs are seeking through this claim to challenge the propriety of the state foreclosure order, the court lacks jurisdiction pursuant to the Rooker-Feldman doctrine, see Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (holding that claims are subject to the Rooker-Feldman doctrine when they require that the federal court determine that the state court judgment was erroneous).

Finally, Plaintiffs' FCRA claim[13] will be dismissed. In connection with this claim, Plaintiffs assert that Defendants "illegally reported negative information as to the Plaintiff to one or more Credit Reporting Agencies . . . The negative information included but was not limited to an excessive amount of debt into which Plaintiffs was [sic] deceived into signing." (Doc. 1 (Compl.) at 21-22.) Under FCRA, "furnishers of credit information" must "report accurate information to consumer

---

[13] The elements of an FCRA claim under 15 U.S.C. § 1681s-2(b) are as follows: (1) there is a dispute over inaccurate information on a credit report that was furnished to the credit reporting agency by the defendants; (2) the credit reporting agency notified the defendants of the dispute; and (3) defendants failed to undertake an investigation of the dispute. Smith v. Encore Credit Corp., 623 F. Supp. 2d 910, 922 (N.D. Ohio 2008).

reporting agencies regarding a consumer's credit." <u>Bach v.</u>
<u>First Union Nat'l Bank</u>, 149 F. App'x 354, 358 (6th Cir. 2005).
A plaintiff alleging violations of § 1681s-2(b) of FCRA, as is
the case here, may bring a private cause of action against the
furnisher, but only if the plaintiff can "show that the
furnisher received notice from a consumer reporting agency, not
the plaintiff, that the credit information is disputed." <u>Downs</u>
<u>v. Clayton Homes, Inc.</u>, 88 F. App'x 851, 853–54 (6th Cir. 2004).

In this case, Plaintiffs have failed to allege that they
disputed the accuracy of the information that was reported by
the SunTrust Defendants or that the SunTrust Defendants received
notice of the dispute from a credit reporting agency. As such,
dismissal is appropriate. <u>See</u> <u>id.</u> at 854; <u>see also</u> <u>Smith v.</u>
<u>Encore Credit Corp.</u>, 623 F. Supp. 2d 910, 922 (N.D. Ohio 2008)
(finding that Plaintiffs' allegations that "Defendants
negligently or willfully furnished inaccurate information" to
credit reporting agencies is not enough to survive a motion to
dismiss).[14]

### 3. Motion to Dismiss Claims Against Defendants Bell and Thomas

Defendants Thomas and Bell are the Clerk and Assistant
Clerk of Superior Court for Lee County, North Carolina,

---

[14] Plaintiffs' claim for deprivation of civil rights is not separately addressed. Plaintiffs do not assert in their complaint a deprivation of civil rights cause of action against the SunTrust Defendants. (<u>See</u> Doc. 1 (Compl.) at 10-12.)

14

respectively.   As part of their claim for deprivation of civil rights, Plaintiffs allege that Thomas and Bell, in their "public and private capacit[ies]," "deprived the Plaintiffs [of] due process of law for conducting a 'non-judicial' foreclosure where the Clerk and Assistant Clerk are illicitly assuming the role of a judge or at best practicing law without a license."  (Doc. 1 (Compl.) at 9-12.)  Plaintiffs' claim should be dismissed.

First, Plaintiffs have failed to properly serve Thomas and Bell in their official capacities, and the court therefore lacks jurisdiction as to any claims against these Defendants in that regard.   North Carolina law requires that a plaintiff make service upon an officer of the State of North Carolina by delivering process to the officer's designated agent, or absent designation of agent, delivery of process to the Attorney General of North Carolina.   N.C. Gen. Stat. § 1A-1, Rule 4(j); see also Fed. R. Civ. P. 4(j)(2) (allowing service on state in manner prescribed by state law).   In this case, Plaintiffs served Thomas and Bell individually at their place of employment.  This fails to comply with North Carolina's rules of service, and service should have been made on the authorized agent or the Attorney General.   Accordingly, all claims against Thomas and Bell in their *official* capacities are dismissed for insufficiency of service of process, Fed. R. Civ. P. 12(b)(5), and lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2);

<u>Koehler v. Dodwell</u>, 152 F.3d 304, 306 (4th Cir. 1998) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant.").

But even if there are remaining claims against Thomas and Bell in their *personal* capacities,[15] those claims cannot survive. First, any claim against Thomas and Bell that seeks to challenge the sufficiency of the state foreclosure order is subject to the Rooker-Feldman doctrine, is precluded, and must be dismissed. (See <u>supra</u> Part II.A.2.) Further, pursuant to N.C. Gen. Stat. §§ 7A-40 and 7A-102, Bell and Thomas are judicial officers for the Superior Court Division of North Carolina's General Court of Justice. As such, they are entitled to judicial immunity, which applies to bar civil suits against judicial officers unless there is a complete absence of jurisdiction. <u>Everson v. Doughton</u>, 267 F. App'x 229, at *1 (4th Cir. 2008) (per curiam);[16]

---

[15]  It does appear that Plaintiffs served Thomas and Bell properly in their personal capacities. Pursuant to Federal Rule of Civil Procedure 4(e)(2)(A), service is properly made upon an individual when a copy of the summons and the complaint is delivered to the individual personally. In this case, the docket shows that a copy of the summons and complaint was personally delivered to Thomas and Bell by the Lee County Sheriff's Office. (Doc. 7 (showing proof of personal service signed by Captain Kevin Kirkman of the Lee County Sheriff's Office).) Accordingly, any claims against Thomas and Bell in their personal capacities are not dismissed for insufficiency of service of process.

[16]  Unpublished decisions of the Fourth Circuit lack precedential value but are cited for "the weight they generate by the persuasiveness of their reasoning." <u>See</u> <u>Collins v. Pond Creek Mining Co.</u>, 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted)).

see also <u>Kincaid v. Vail</u>, 969 F.2d 594, 601 (4th Cir. 1992) (extending absolute judicial immunity to clerks of court). There was no such complete lack of jurisdiction here. <u>See</u> N.C. Gen. Stat. § 45-21.16 (stating that foreclosure proceedings are to be held before the clerk of court). North Carolina law allowed Thomas and Bell to act in a judicial capacity with regard to foreclosure hearings, both are entitled to judicial immunity, and Plaintiffs cannot assert civil claims against them for their role in the foreclosure proceedings. <u>See</u> <u>Harper v. O'Hanlon</u>, No. 3:11-cv-00081, 2012 WL 912785, at *5-6 (S.D.W. Va. Feb. 23, 2012) (noting that even if a judicial officer is sued in his personal capacity, judicial immunity is still grounds for dismissal).[17] As such, all claims against Thomas and Bell are dismissed.

### 4. Motion to Dismiss Claims Against Defendants Hutchens, HSKP, and STS

Plaintiffs have also filed suit against the substitute trustee, STS, and counsel for SunTrust Mortgage, Hutchens and his law firm, HSKP.

---

[17] Even if service had been proper as to Thomas and Bell in their official capacities, the claims would still be dismissed for the same reason, i.e., judicial immunity. Further, the Eleventh Amendment would prevent recovery of civil damages for claims against Thomas and Bell, as the Eleventh Amendment bars suits against state agencies and state officers acting in their official capacity. <u>See</u> <u>Gray v. Laws</u>, 51 F.3d 426, 430 (4th Cir. 1995); <u>Glover v. Gaston Cnty. D.A. Office</u>, No. 3:07CV234, 2007 WL 2712945, at *2 (W.D.N.C. Sept. 14, 2007) (finding that Eleventh Amendment barred recovery against a North Carolina clerk of court).

17

In the only section of the complaint to specifically mention one of these Defendants, Plaintiffs state as part of their deprivation of civil rights claim that they suffered harm from "imperfections in the foreclosure process" when Defendant Bell allowed Defendant Hutchens to "submit deceptive documents" to the court claiming that SunTrust Mortgage had proper standing to foreclose. (Doc. 1 (Compl.) at 10.) This is nothing more than a bare and generalized accusation of wrongdoing that is not sufficient to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Specifically, the assertion does not explain how or by what means Hutchens violated Plaintiffs' constitutional rights, including what documents were submitted and what made them deceptive, and Plaintiffs' claim of deprivation of a constitutional right is not nudged "across the line from conceivable to plausible." Twombly, 550 U.S. at 570; Booker v. Wash. Mut. Bank, FA, 375 F. Supp. 2d 439, 441 (M.D.N.C. 2005) (dismissing plaintiff's complaint when "[t]he complaint is bare of any factual allegations supporting the federal and state causes of actions . . . let alone sufficient facts to establish the essential elements of the claims").[18]

---

[18] Plaintiffs allege they were deprived of civil rights pursuant to 42 U.S.C. § 1983 (providing civil remedy for deprivation of rights), 42 U.S.C. § 1985 (prohibiting conspiracy to interfere with civil rights), and 42 U.S.C. § 1986 (providing civil remedy against those who have knowledge of wrongs committed under section 1985 yet neglect or refuse to prevent those wrongs). Plaintiffs' threadbare allegations do not state a claim under any of these statutes.

Further, although neither Hutchens, HSKP, nor STS is again mentioned by Plaintiffs in the complaint, Plaintiffs assert in one of their response briefs that these Defendants "preceded in collusion with [Bell] to induce an erroneous judgment" at the foreclosure hearing. (Doc. 36 at 3.) To the extent this constitutes a claim against Hutchens, HSKP, or STS, it will be dismissed as an improper collateral attack on the foreclosure order properly entered by the State court. Additionally, the slander of title claim and the FCRA claim are dismissed for the reasons stated in the court's dismissal of these claims against the SunTrust Defendants.[19] (See supra Part II.A.2.) Accordingly, all claims against Hutchens, HSKP, and STS are dismissed.

## B. Motion for Summary Judgment by Defendants Stephenson and Lucas

Defendant Stephenson, the closing attorney on the Loan, and Defendant Lucas, the attorney for the substitute trustee, have moved for summary judgment. For the reasons stated below, their motion will be granted.

---

[19] The commercial dishonor claim, lack of evidence to prove title claim, and TILA claim are alleged only against the SunTrust Defendants and/or Defendant Stephenson, and therefore these claims do not apply to Hutchens, HSKP, or STS. (Doc. 1 (Compl.) at 12-18.) Additionally, because Hutchens, HSKP, and STS did not become involved with Plaintiffs until the foreclosure proceedings, any claims based on alleged wrongs that pre-date the foreclosure (i.e., the RESPA claim and HOEPA claim) lack merit.

### 1. Standard for Summary Judgment

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact exists when there is sufficient evidence on which a reasonable jury could return a verdict in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). But where an adverse party "fails to bring forth facts showing that reasonable minds could differ on a material point then, regardless of any proof or evidentiary requirements imposed by the substantive law, summary judgment, if appropriate, shall be entered." Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (internal quotation marks, alteration marks, and citations omitted).

### 2. Claims Against Stephenson and Lucas

The court will grant summary judgment as to all of Plaintiffs' claims against Stephenson and Lucas. The slander of title claim, the TILA claim, the RESPA claim, the HOEPA claim, the FCRA claim, and the quiet title claim all fail for the reasons noted above as to the SunTrust Defendants' motion to dismiss. (See supra Part II.A.2.); see also Brown v. Griffin, 112 F.3d 508, at *1 (4th Cir. 1997) (unpublished Table decision) (affirming district court's grant of summary judgment when

20

plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6)). As such, only the deprivation of civil rights claim as to Lucas will be specifically addressed.[20]

Plaintiffs' complaint alleges that Lucas, as a state actor subject to liability under 42 U.S.C. § 1983, submitted "deceptive documents" indicating that SunTrust Mortgage had standing to foreclose. (Doc. 1 (Compl.) at 10); see Real Estate Bar Ass'n for Mass., Inc. v. Nat'l Real Estate Info. Servs., 608 F.3d 110, 121 (1st Cir. 2010) (noting that state action is required for liability under section 1983). This allegation is without merit because Lucas was not a state actor. A private party is only a state actor when there is joint action between the state and the private party, the state has significantly encouraged the private actor, or when a function performed by the private party has traditionally been an exclusively public function. S.P. v. City of Takoma Park, 134 F.3d 260, 269 (4th Cir. 1998). In the foreclosure proceedings complained of by Plaintiffs, Lucas was acting as counsel for the substitute trustee. (Doc. 32, Lucas Aff. ¶ 2.) There is no evidence or

---

[20] The commercial dishonor claim and lack of evidence to prove title claim are alleged only against the SunTrust Defendants, and therefore these claims do not apply to Stephenson or Lucas. (Doc. 1 (Compl.) at 12-17.) Further, Plaintiffs do not name Stephenson in the deprivation of civil rights claim. (See id. at 10-12.) The court will not construe the claim as against Stephenson because, as the closing attorney, Stephenson was not involved in the foreclosure proceedings that underlie the claim.

indication that Lucas was a joint participant with the State, or that the State coerced Lucas' actions.  See (Doc. 32, Lucas Aff. ¶¶ 3-4); <u>Smith v. Coffy</u>, No. 2:08-0201-RMG, 2011 WL 2418606, at *3 (D.S.C. May 27, 2011) (Marchant, M.J) (collecting cases and noting that private attorneys in litigation are not state actors for the purposes of section 1983), *report and recommendation adopted by* 2011 WL 2418528 (D.S.C. June 13, 2011).[21]

Further, Plaintiffs' general assertion that the foreclosure process violates due process because "it permits home and landowners to be deprived of their property interest and rights; without the debtor being heard in any considerable manner or competent judicial oversight" (Doc. 1 (Compl.) at 12) is baseless.  North Carolina law authorizes foreclosure hearings before the clerk of court, N.C. Gen. Stat. § 45-21.16, and provides a ten-day period to file a *de novo* appeal with the superior court, <u>id.</u> § 45-21.16(d1).  The fact that Plaintiffs chose not to utilize this appeal procedure and are now unhappy with the result does not give rise to a constitutional violation.

---

[21] To the extent Plaintiffs are also attempting to allege violations of 42 U.S.C. §§ 1985 and 1986 against Lucas, those too fail.  Plaintiffs fail to allege a race or class-based discriminatory animus necessary for liability under section 1985, and summary judgment is appropriate. <u>Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.</u>, 32 F.3d 989, 994 (6th Cir. 2004).  Additionally, because the section 1985 claim fails, summary judgment is also appropriate on the section 1986 claim.  <u>Id.</u>

**C.  Plaintiffs' Claims Against John or Jane Does 1-100**

Fictitious-party pleading is generally not permitted in federal court, and the court may dismiss fictitious-party claims *sua sponte* except when the plaintiff provides a specific description of the defendant such that process can be served. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Here, the court is unable to sufficiently identify John or Jane Does 1–100 (nor have Plaintiffs aided the court in this regard), and Plaintiffs' claims against such unknown parties are dismissed.

**D.  Remaining Motions**

Plaintiffs have several motions outstanding: a motion for a "Preliminary Injunction and Stay of Possession Prohibiting Seizure of Plaintiffs' Property" (Doc. 47), a motion for "Replevin in Detinent" (Doc. 48), and a motion for "Issuance of Cease and Desist Order for the Replevin in Detinent" (Doc. 56), which all ultimately seek to stay the foreclosure and recover the Property.  These claims are specious because the foreclosure has already occurred and the Property is now owned by a third party who is not involved in this lawsuit.  See Sampson v. Wash. Mut. Bank, 453 F. App'x 863, 864 n.1 (11th Cir. 2011) (per curiam) (an action to enjoin a foreclosure sale that has already occurred is moot).  Further, because the court has either

23

dismissed or granted summary judgment as to all of Plaintiffs' claims, these additional motions are now moot.

The final remaining motions before the court are Plaintiffs' motion for leave to file an amended complaint (Doc. 61) and renewed motion to amend complaint, which purports to include a copy of the proposed amended complaint (Doc. 64). However, the court finds that the document submitted as an amended complaint is improper because the majority of the document responds to legal arguments raised in Defendants' motions to dismiss and does not actually raise new factual allegations that would more specifically articulate Plaintiffs' claims. Further, Plaintiffs' attempts to plead new causes of action in this document are ultimately restatements of their same (non-cognizable) grievances – that SunTrust Mortgage did not have standing to foreclose and that the Lee County Clerk of Court lacked authority to conduct the foreclosure hearing. See Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (stating that a district court may deny leave if amending the complaint would be futile, i.e., if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards). Accordingly, leave to amend is denied.

## III. CONCLUSION

For the reasons stated above, IT IS ORDERED that:

1. The motion to dismiss by SunTrust Mortgage, Inc., SunTrust Banks, Inc., SunTrust Bank, and Mortgage Electronic Registration Systems, Inc. (Doc. 14) is GRANTED, and Plaintiffs' claims as to these Defendants are DISMISSED with prejudice;

2. The motion to dismiss by Lee County Clerk of Superior Court Susie K. Thomas and Lee County Assistant Clerk of Superior Court Robin D. Bell (Doc. 16) is GRANTED, and Plaintiffs' claims as to these Defendants are DISMISSED with prejudice;

3. The motion to dismiss by Hilton T. Hutchens, Jr., Senter, Kellam, & Petit, P.A. f/k/a The Law Firm of Hutchens, Senter, & Britton, P.A., and Substitute Trustee Services, Inc. (Doc. 28) is GRANTED, and Plaintiffs' claims as to these Defendants are DISMISSED with prejudice;

4. The motion for summary judgment by April E. Stephenson, P.A. and Manly Andrew (Doc. 32) is GRANTED;

5. Plaintiffs' claims against John or Jane Does 1-100 are DISMISSED with prejudice;

6. Plaintiffs' "Petition for Motion of Preliminary Injunction and Stay of Possession Prohibiting Seizure of Plaintiffs' Property" (Doc. 47), motion for "Replevin in Detinent" (Doc. 48), and "Motion for Issuance of Cease and

Desist Order for the Replevin in Detinent" (Doc. 56) are DENIED
as moot; and

      7.    Plaintiffs' Motion for Leave to File Amended Complaint
(Doc. 61) is DENIED.


                                        /s/  Thomas D. Schroeder
                                United States District Judge

March 18, 2013